OPINION
{¶ 1} Appellant Communicolor appeals the February 3, 2006, decision of the Licking County Court of Common Pleas granting Appellee Herman Foster's Motion for Judgment upon the Settlement Agreement.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee Herman Foster was injured on January 17, 1983, while employed by Appellant Communicolor. His workers' compensation claim arising from said incident was allowed for "disorders of the right sacrum; sprain of the neck and lumbosacral area and osteoarthritis of the pelvis.
 {¶ 3} On March 25, 2004, Appellee Foster filed a motion requesting that his claim be additionally allowed for degenerative joint disease of the left hip as a flow through injury secondary to the previously accepted osteoarthritis of the right hip.
 {¶ 4} This request was denied administratively.
 {¶ 5} Appellant appealed such denial to the Licking County Court of Common Pleas. The parties thereafter reached an agreement to the settle the matter for $40,000.00.
 {¶ 6} On August 26, 2005, the trial court filed a Judgment Entry reflecting that a settlement agreement had been reached by the parties, pending approval from the Industrial Commission, and dismissing the case without prejudice. The Entry further stated that if the Industrial Commission did not approve the settlement, counsel could reactivate the case without additional costs.
 {¶ 7} On September 7, 2005, Appellee Foster executed the "Self Insured Joint Settlement Agreement and Release.
 {¶ 8} On October 11, 2005, said settlement agreement and release were executed by Communicolor.
 {¶ 9} On October 24, 2005, same was approved by a Staff hearing Officer.
 {¶ 10} In the interim, Communicolor asserted that Medicare had an interest in Appellee Foster's workers' compensation settlement and that the agreement, as written, did not protect Medicare's interests which it claimed was required by law.
 {¶ 11} On November 7, 2005, Communicolor sent a letter to the Dayton district office of the Bureau of Workers' Compensation advising it that Communicolor was withdrawing from the settlement agreement. Counsel for Appellee Foster was copied on this letter. Appellee Foster, himself, was not copied.
 {¶ 12} On November 16, 2005, Appellee Foster's counsel provided him with a copy of the notice.
 {¶ 13} On December 7, 2005, Appellee Herman Foster filed a Motion for Judgment upon Settlement Agreement.
 {¶ 14} By Judgment Entry filed February 3, 2006, the trial court granted Appellee Foster's motion on the basis that Appellant Communicolor did not provide written notice to him of its withdrawal of consent to the settlement.
 {¶ 15} It is from this decision Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 16} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN ADDRESSING THE PLAINTIFF'S MOTION FOR JUDGMENT UPON THE SETTLEMENT AGREEMENT, AS THE TRIAL COURT WAS WITHOUT JURISDICTION TO DO SO.
 {¶ 17} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW, IN DETERMINING THAT NOTICE TO COUNSEL IS NOT IMPUTED TO THE CLIENT/PARTY UNDER OHIO REVISED CODE SECTION 4123.65(C). THE TRIAL COURT'S ORDER GRANTING THE PLAINTIFF'S MOTION FOR JUDGMENT UPON THE SETTLEMENT AGREEMENT WAS CONTRARY TO LAW AND CONSTITUTED AN ABUSE OF DISCRETION.
 {¶ 18} "III. THE SETTLEMENT AGREEMENT IS VOID AS AGAINST PUBLIC POLICY. THEREFORE, JUDGMENT UPON THE SETTLEMENT AGREEMENT WAS CONTRARY TO LAW, AND CONSTITUTED AN ABUSE OF THE COURT'S DISCRETION."
 I. {¶ 19} In its first assignment of error, Appellant Communicolor argues that the trial court did not have jurisdiction to consider Appellee Foster's motion. We disagree.
 {¶ 20} Specifically, Appellant argues that this matter was not reactivated, nor was there a request by any party to reactivate the case, as set forth in the trial court's judgment entry dismissing this matter.
 {¶ 21} Upon review, we find that the trial court's August 26, 2005, entry of dismissal was not, nor was it intended to be, a final order terminating the case. Such Entry provided that "upon settlement being approved by the Industrial Commission of Ohio, counsel shall submit an appropriate entry without an additional deposit for costs. The clerk shall hold the cost deposit until the court issues a final entry."
 {¶ 22} We therefore find that the trial court was not divested of jurisdiction in this matter based on the filing of the August 26, 2005, Judgment Entry.
 {¶ 23} Appellant's first assignment of error is overruled.
 II. {¶ 24} In its second assignment of error, Appellant Communicolor argues that the trial court erred in failing to impute notice to counsel to the client. We agree.
 {¶ 25} The sole basis for the motion to enforce the settlement agreement was that Appellant Communicolor only provided notice to Appellee Foster's attorney, not Appellee Foster himself.
 {¶ 26} R.C. § 4123.65(C) provides in pertinent part:
 {¶ 27} "(C) No settlement agreed to under division (A) of this section or agreed to by a self-insuring employer and the self-insuring employer's employee shall take effect until thirty days after the administrator approves the settlement for state fund employees and employers, or after the self-insuring employer and employee sign the final settlement agreement. During the thirty-day period, the employer, employee, or administrator, for state fund settlements, and the employer or employee, for self-insuring settlements, may withdraw consent to the settlement by an employer providing written notice to the employer's employee and the administrator or by an employee providing written notice to the employee's employer and the administrator, or by the administrator providing written notice to the state fund employer and employee."
 {¶ 28} Appellee Foster maintains that the statute requires strict compliance with the conditions of the statute before consent to a settlement agreement can be withdrawn and that strict compliance requires that notice of such withdrawal be mailed to him personally within 30 days.
 {¶ 29} Upon review, we find Appellee Foster's reliance onState ex rel. Jones v. Conrad (2001), 92 Ohio St.3d 389
misplaced in that in Conrad the employer sent notice only to the Bureau of Workers' Compensation, not the employee or the employee's attorney. The Bureau then notified the employee. The Supreme Court, in that case, held that the Bureau cannot act on behalf of one party to satisfy a statutorily imposed obligation that party may have, i.e. sending notice to the employee.
 {¶ 30} In the instant case, the employer, Communicolor, sent notice to both the Industrial Commission and the attorney for the employee.
 {¶ 31} As stated above. R.C. § 4123.65(C) allows for consent to be withdrawn during the thirty-day period by "the employer, employee, or administrator, for state fund settlements, and the employer or employee, for self-insuring settlements" by "an employer providing written notice to the employer's employee and the administrator or by an employee providing written notice to the employee's employer and the administrator, or by the administrator providing written notice to the state fund employer and employee."
 {¶ 32} It is axiomatic that in almost all court proceedings where a party is represented by an attorney, notices are sent to the attorney, not the party. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have `notice of all facts, notice of which can be charged upon the attorney.' Link v. Wabash R. Co.370 U.S. 626, 634, 82 S.Ct. 1386, 1390 (U.S.Ind. 1962) quoting Smithv. Ayer, 101 U.S. 320, 326, 25 L.Ed. 955.
 {¶ 33} Similarly, ". . . on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for "mistake, inadvertence, surprise or excusable neglect," the neglect of a party's attorney will be imputed to the party for the purposes of the quoted rule provision. Civ.R. 60(B), (B)(1). GTE AutomaticElec., Inc. v. ARC Industries, Inc., 47 Ohio St.2d 146.
 {¶ 34} We find that to allow Appellee to succeed in enforcing the settlement in this matter solely on the basis that Appellant Communicolor only sent notice of its intent to withdraw from the settlement to Appellee Foster's counsel and not him would be to elevate form over substance in the case sub judice.
 {¶ 35} Appellant's second assignment of error is sustained.
 III. {¶ 36} In its third assignment of error, Appellant Communicolor argues that the settlement agreement is void as against public policy.
 {¶ 37} Based on our disposition of Appellant's second assignment of error, we find this issue to be moot and hereby overrule same.
 {¶ 38} The decision of the Licking County Court of Common Pleas is reversed and remanded for proceeding consistent with this opinion.
By: Boggins, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking, Ohio, is reversed and remanded for proceedings consistent with this opinion. Costs assessed to Appellee.